IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.    07 CR 792 |
| | ) | |
| KEITH WILSON, | ) | Honorable Joan B. Gottschall |
| | ) | District Judge, Presiding |
| Defendant. | ) | |

MOTION TO PRECLUDE PROSECUTOR FROM
CONFERRING WITH PROSECUTION WITNESSES

NOW COMES the Defendant, KEITH WILSON, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and respectfully moves this Honorable Court for a protective order, directing the prosecutor and any of his agents to refrain from conferring with prosecution witnesses, and during the trial of his case. In support thereof, states as follows:

1. That the Supreme Court in Perry v. Leeke, 488 U.S. 272, 109 S.Ct 594, 102 L.Ed.2d 624 (1988) (holding that an accused has no right to confer with his counsel during a brief recess in his testimony noted "that cross-examination is more likely to elicit truthful responses if it goes forward without the witness given an opportunity to consult with . . . his or her lawyer."

Perry v. Leeke, supra, at p. 282.

> "The reason for the rule (precluding a witness from consulting with counsel during his or her examination ) is one that applies to all witnesses -- not just defendants. It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed. Such non-discussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say. And to increase the likelihood that they will confine themselves to truthful statements based on their own recollections . . . Accordingly, it is entirely appropriate for a trial judge to decide . . .   that

> cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witnesses an opportunity to consult with third parties, including his or her lawyer."

Perry v. Leeke, supra, at p. 281.

2. That it would enhance this truth-seeking function and further the purposes underlying the Defendant's Sixth Amendment right of Confrontation to allow for cross-examination of government witnesses without the benefit of consultation with counsel for the Government. As the Supreme Court recently reiterated in Green v. Bock Laundry Machine Co., 490 U.S. 504, 45 Cr. L. 3061 (May 22, 1989):

> "The Sixth Amendment to the Constitution guarantees a criminal defendant certain fair trial rights not enjoyed by the prosecution."

Green v. Bock Laundry Machine Co., supra, at p. 3063.

3. That the purposes of Rule 615 of the Federal Rules of Evidence would be served where non-party witnesses are not allowed to consult with counsel during their testimony.

WHEREFORE, Defendant respectfully requests that this Court enter an order directing Government counsel and his witness not to consult with any parties, other witnesses, or counsel during the trial of this case, or in the alternative, not to consult during any interruptions or recesses in their testimony in this case.

                                Respectfully submitted,

                                KEITH WILSON, Defendant
                                by and through his attorneys,
                                KOMIE AND ASSOCIATES

By:    /s/ Stephen M. Komie
        Komie and Associates
        One North LaSalle Street, Suite 4200
        Chicago, Illinois 60602
        312/263-2800