UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07 CR 792 |
| KEITH WILSON | ) ) | Honorable Joan B. Gottschall |
| Defendant. | ) ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

Defendant Keith Wilson has filed several pretrial motions, including: a motion for disclosure of impeaching information; a motion to require notice of intention to use other crimes, wrongs, or acts evidence; a motion for pre-trial access to witnesses; a motion to preclude the government from conferring with prosecution witnesses; a motion for attorney voir dire; and a motion to discover use of electronic devices. These motions should be denied.

**Discussion**

Defendant has not conferred with the government regarding any of his motions, despite being required to do so pursuant to Local Rule 12.1. Local Rule 12.1(b), in an effort to avoid wasting the Court and the parties' time with unnecessary motions, explicitly requires defendants filing discovery motions to include a statement related to the Rule 16 conference and setting forth areas in which agreements on discovery could not be reached; "[t]he court *will not hear* a motion for additional discovery or inspection if it does not conform to the procedural requisites of this section," Rule 12.1(b) (emphasis added). No Rule 12.1(b) statement is attached to defendant's discovery motion. Therefore, in accordance with Rule 12.1(b), the government moves that this Court strike defendant's

motion. However, should this Court disagree with the government's position, the government has also responded to defendant's arguments.

## I.  *Disclosure of Impeaching Information*

Defendant filed a motion seeking the production of certain impeaching evidence concerning promises of immunity, leniency or preferential treatment. The government is aware of its obligations under Giglio v. United States, 405 U.S. 150 (1972) and will fully comply with its obligations in this regard. Nevertheless, disclosure at this juncture would be premature, and there is clearly no requirement for production of impeachment material at this time. "As long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence, Due Process is satisfied." United States v. Zipperstein, 601 F.2d 281, 291 (7th Cir. 1979); see also Kompare v. Stein, 801 F.2d 883, 890 (7th Cir. 1986); United States v. Williams, 738 F.2d 173, 178-179 (7th Cir. 1984). In any event, as the government previously stated, the government has already provided all defendants in this case more than 1,120 pages of materials relating to the investigation, and will be periodically updating the disclosure as investigative reports and other material accrue. Defendant's motion in this regard should be denied as moot.

## II.  *Motion to Require Notice of Intention to use Other Crimes, Wrongs, or Acts Evidence*

### A.  Rule 404(B) Evidence

Defendant has moved for disclosure of "other acts" evidence offered pursuant to Federal Rule of Evidence 404(b). The government will provide such notice two weeks prior to trial.

In his motions, however, defendant suggests that the Court should require the government not only to disclose the nature of any "other acts" evidence, but to provide specific evidentiary detail, including dates, times, locations, participants, documents and even the statements of each participant.

Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). It defies logic to suggest that greater disclosure is necessary with respect to evidence of acts that do not form the basis of the charge.

Rule 404(b) only requires disclosure of the "general nature of any such evidence." The proviso that the government need only provide information concerning the *general nature* of any other-acts evidence it intends to use was not accidental. The Senate Judiciary Committee, which formulated the revision to Rule 404(b), "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument . . . . Instead, the Committee opted for a generalized notice provision...." Note of Advisory Committee, 1991 Amendments, reprinted in Federal Criminal Code and Rules at 309-10. In this case, defendant does not ask for notice of the "general nature" of any other-act evidence to be used. To the contrary, defendant seemingly argues for adoption of a rule requiring even more particularity than that considered and rejected by Congress.

In addition, as Rule 404(b) evidence is necessarily testimonial, defendant's demand for particularity would also require the Court to ignore the Jencks Act, which specifically commands that no statement made by a government witness "shall be the subject of . . . discovery" until the witness has testified at trial. 18 U.S.C. § 3500(a). Likewise, granting defendant's motion would have the effect of undermining the well-established rule that a defendant is not entitled to a list of witnesses against him. *United States v. Bouye*, 688 F.2d 471, 473-74 (7th Cir. 1982).[1]

---

[1] The Advisory Committee specifically indicated that the generalized notice requirement was not intended to supersede the Jencks Act or the rule against production of a witness list. Note of Advisory Committee, 1991 Amendments, reprinted in Federal Criminal Code and Rules,

3

As a practical matter, all defendant requires in order to formulate appropriate motions *in limine* is a statement of the general nature of any other-acts evidence to be offered. Even if greater detail were provided pretrial, that detail would not necessarily lead to a pretrial resolution of evidentiary disputes. In most instances, such issues are most appropriately resolved in the concrete context of the trial itself.

Therefore, to the extent defendant's motion seeks more than Rule 404(b) requires, it is overbroad. *See Sims*, 808 F. Supp. at 610-11. Nonetheless, the government will provide all written reports in its possession concerning these events. Those reports, to the extent they exist, are likely to provide the information requested by defense counsel. Furthermore, as noted above, in keeping with the letter and spirit of Rule 404(b), the government will disclose to the defense no later than two weeks before the trial of this case, the general nature of any other-acts evidence it intends to introduce at trial. To the extent that defendant's motion requests more than the general nature of any other-acts evidence the government intends to introduce at trial, it should be denied.

**B.    Rule 608(B) Evidence**

Defendant's request for Rule 608(b) evidence should be denied on the ground that Rule 608(b) material is not part of the government's case in chief, but merely potential impeachment evidence to be used in the event defendant chooses to testify at trial. The Seventh Circuit has held that "there is no general requirement that each side give notice of impeachment evidence." *U.S. v. Braxton*, 877 F.2d 556, 560 (7th Cir.1989); *accord United States v. Messino*, 855 F. Supp. 955, 965 (N.D. Ill. 1994) (denying motion for disclosure of Rule 608(b) evidence); *Sims*, 808 F. Supp. at 611 (Rule 608(b) material not discoverable because not part of government's case in chief); *United States*

---

*supra*, at 310.

*v. Randy*, No. 92 CR 1029, 1993 WL 322799, at *1 (N.D. Ill. Aug. 20, 1993)("The rule, firmly entrenched in this circuit, is that a defendant is not entitled to pre-trial disclosure of Rule 608(b) evidence.").

In addition, specific instances of conduct under Rule 608(b) may *only* be used on cross-examination. Since specific instances of conduct cannot be used in the government's case-in-chief, the defendants are not entitled to discovery of evidence admissible solely under Rule 608(b). *See Sims*, 808 F. Supp. at 611. Therefore, defendant's motion should be denied.

### III.    *Motion for Pretrial Access to Witnesses*

In his motion, defendant requests that the government make all witnesses available for interviewing. Defendant does not specify when these witnesses should be made available.

To the extent that defendant's motion is an attempt to obtain pretrial a list of witnesses, it should be denied. The production of a witness list is not required by local rule, Rule 16 of the Federal Rules of Criminal Procedure, or the Constitution, and is not favored:

> [T]he Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witness. Nor does Rule 16 entitle a defendant to this information. In fact, Congress rejected a proposal that would have required the government and the defendant to exchange the names and addresses of their witnesses three days before trial. The conference committee expressed concern that such a requirement would discourage witnesses from testifying and would lead to "improper contact directed at influencing their testimony...."

*United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987). Simply stated, "[t]he government is not required to provide a defendant with a list of all prospective government witnesses." *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989)(citing *Napue*, 834 F.2d at *1317)*. *See also*, *Weatherford v. Bursey*, 429 U.S. 545, 559-560, 97 S.Ct. 837, 846 (1977)(no constitutional right to disclosure of witnesses); *United States v. Moore*, 936 F.2d 1508, 1514-15 (affirming district court's

5

decision not to compel disclosure of government witnesses) (7th Cir. 1991); *United States v. Kimberlin*, 805 F.2d 210, 233 (7th Cir. 1986)*, cert. denied*, 483 U.S. 1023 (1987); *United States v. Sims*, 808 F.Supp. 607, 612-13 (N.D. Ill. 1992) (Alesia, J.) (denying defendant's motion for list of government witnesses).

It is, of course, within the discretion of the court to grant a motion for a list of witnesses. *United States v. Jackson*, 508 F.2d 1001, 1006-07 (7th Cir.1975); *U.S. v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987). In light of the discovery already provided by the government in this case, there is no need to do so.

The government will consider relaying a defendant's specific request to interview a witness not otherwise available to the defendant to that witness. Of course, it is the witness, not the government, who determines whether or not he or she will consent to the interview and under what conditions. Accordingly, defendant's motion should be denied.

### IV.    *Motion to Preclude Prosecutor From Conferring With Prosecution Witnesses*

Defendant has filed a motion requesting a protective order which would direct "the prosecutor and any of his agents to refrain from conferring with prosecution witnesses, and during the trial of his case." This motion should be rejected. The cases cited by defendant – *Perry v. Leek*, 488 U.S. 272 (1988) and *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989) – do not stand for defendant's novel proposition that a fair trial requires that the government be prevented from speaking to witnesses to prepare for its case. Indeed, Instruction 1.07 of the Seventh Circuit's Pattern Jury Instructions clearly contemplates that such interviews are proper, if not necessary, to prepare for trial. *See* Instruction 1.07 ("It is proper for an attorney

to interview any witness in preparation for trial."). As the Committee Comment to Instruction 1.07 noted,

> It is not only proper but it may be the duty of the prosecutor and defense counsel to interview any person who may be called as a witness in the case (except that the prosecutor is not entitled to interview a defendant represented by counsel).

Instruction 1.07, Seventh Circuit Pattern Jury Instructions, Committee Comment, *quoting* ABA Standards, The Prosecution Function 3.1, Comment a (3d ed. 1993).

### V.  *Motion for Attorney Voir Dire*

Defendant has requested 30 minutes to conduct attorney voir dire. The law is well-settled that the court has broad discretion as to how voir dire is conducted. *United States v. Torres*, 191 F.3d 799, 809 (7th Cir. 1999). Federal Rule of Criminal Procedure 24(a) provides that a trial court may conduct the voir dire itself and supplement the examination with additional inquiries as it chooses. It may also permit the parties to submit additional questions, which it must ask only "as it deems proper." There is no constitutional right for counsel to conduct voir dire. *Torres*, 191 F.3d at 809.

The government will defer to this Court's judgment as to how to conduct voir dire in this matter.

### VI.  *Motion to Discover Use of Electronic Devices*

As the government previously stated, the government has already provided the defendant in this case more than 1,120 pages of materials relating to the investigation. This material includes all reports concerning electronic surveillance, including taped recorded conversations. Defendant's motion in this regard should be denied as moot.

**Conclusion**

For the foregoing reasons, the United States requests that this court deny the defendant's motions in their entirety.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   s/ Stephen A. Kubiatowski
      STEPHEN A. KUBIATOWSKI
      Assistant United States Attorney
      219 S. Dearborn Street
      Chicago, Illinois  60604
      (312) 353-5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

was, on April 15, 2008, served pursuant to the district court's ECF system as to ECF.

By:　s/ Stephen A. Kubiatowski
　　　STEPHEN A. KUBIATOWSKI
　　　Assistant United States Attorney
　　　219 S. Dearborn Street
　　　Chicago, Illinois  60604
　　　(312) 353-5300